United States District Court
Southern District of Texas
**ENTERED**
December 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL STERLING, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-20-910 |
| § | |
| GREATER HOUSTON TRANSPORTATION § | |
| CO., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM & ORDER**

In March 2020, Paul Sterling, a driver in Houston's MetroLift Transportation program, sued the Greater Houston Transportation Company, Texas Paratransit, Inc., Yellow Cab Paratransit Services, Inc., and Metropolitan Transit Authority of Harris County ("Metro"), on behalf of a putative class. The Greater Houston Transportation Company, Texas Paratransit, and Yellow Cab are all part of one corporate group ("Yellow Cab"). Sterling had no contract with Metro. He did have a contract with Yellow Cab, which contained an arbitration clause. Sterling alleged that he was misclassified as an independent contractor and that he did not receive overtime wages due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Sterling sued on behalf of himself and other similarly situated drivers, seeking certification of a collective action of drivers seeking overtime pay due since March 2017, three years earlier.

In 2018, another driver, Hubert Randle, brought a case raising the same FLSA overtime pay allegations. Randle also sought to represent a collective action, suing Metro, but not Yellow Cab. Like Sterling, Randle sought certification of a class of drivers who had agreements with Yellow Cab and drove for Metro, who were classified as independent contractors. The court did

not certify a collective action in the *Randle* case. Instead, the court granted Metro's motion to dismiss Randle's claims, without prejudice, in favor of arbitration. *Randle v. Metro. Transit Auth. of Harris Cty.*, No. CV H-18-1770, 2018 WL 4701567 (S.D. Tex. Oct. 1, 2018). Randle appealed but dismissed his appeal before briefing. Randle filed for arbitration in November 2019, but dismissed that proceeding.

Metro has now moved to "enforce" this court's October 2018 order dismissing the *Randle* case by dismissing Sterling's claims in favor of arbitration. (Docket Entry No. 27). Sterling responds that a different result is required under the postjudgment unpublished Fifth Circuit decision in *Hiser v. NZone Guidance, L.L.C.*, 799 F. App'x 247 (5th Cir. 2020), which clarified when nonsignatories to an arbitration agreement (like Metro) can enforce those agreements against a signatory (like Randle or Sterling) under the Texas direct-benefits estoppel theory. The Fifth Circuit opinion was issued almost two years after the order of dismissal in favor of arbitration in *Randle*.

In *Hiser,* the Fifth Circuit explained that when claims arise under a federal law, like the FLSA claims here, nonsignatories cannot compel arbitration under a direct-benefits estoppel theory. 799 F. App'x at 248. *Hiser* rested on Texas law that "when the substance of arises from general obligations imposed by . . . federal law[,] direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen 'but for' the contract's existence." *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 637 (Tex. 2018). Because claims for overtime wages under the FLSA arise under a federal statute, "plaintiffs do not seek a benefit from their agreements," and direct-benefits estoppel does not apply to those claims. *Hiser*, 799 F. App'x at 248.

2

I.   Analysis

Metro moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), framing its argument as resisting the retroactive application of a post-final-judgment change in law. (Docket Entry No. 27 at 7).

"Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Metro argues that the court's order to dismiss in *Randle* is binding on Sterling in this case and deprives this court of jurisdiction.

Metro is right that the general rule is that a change in decisional law will not provide a basis for relief from a judgment or order, which is usually sought under Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (emphasizing the "great desirability of preserving the principle of the finality of judgments."); *accord Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (the principle "reflects that the interest in getting the law 'right' must sometimes give way to an even stronger interest in finality," particularly when the change in law is a change or clarification in how state courts decide a state-law issue). Following this rule, Randle could not seek to overturn the dismissal order in his case based on the decision in *Hiser*, which issued long after Randle's case was dismissed.

But Sterling is not trying to circumvent or overturn the dismissal order in *Randle*. Sterling is seeking to proceed with his FLSA claim and the claims of similarly situated Metro drivers with Yellow Cab contracts classifying them as independent contractors. Neither Sterling nor employees other than Randle had their claims dismissed in the earlier case. The fact that Sterling and others

3

who might be members of the putative class he now seeks to represent might have also been members of the putative class Randle sought to represent does not change the outcome. No class or collective action was certified in *Randle*. *See Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 296 (D.C. Cir. 2020) (before certification, putative class members are not parties to an action). Sterling does not need, and he is not seeking, to overturn the dismissal order that this court entered in *Randle* in order to proceed with his FLSA claims or to represent a class of other similarly situated drivers. The fact that Sterling's cause of action arose while *Randle* was pending does not change the outcome.

Metro asserts that it is not raising a claim preclusion argument. (*See* Docket Entry No. 29 at 2). It could not, because res judicata applies only if four conditions are met: (1) parties are identical; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *United States v. Shanbaum*, 10 F.3d 305, 313 (5th Cir. 1994). The parties are not the same in the two cases, and the dismissal without prejudice in *Randle* was not a judgment on the merits. *See* 2018 WL 4701567 at *11; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (a dismissal without prejudice is not a judgment on the merits and does not have a res judicata effect).

## II.     Conclusion

The court denies Metro's motion to enforce, (Docket Entry No. 27), insofar as it seeks to preclude Sterling from proceeding with his FLSA claim. Sterling may proceed with his claim and may seek certification of, and issuance of notice to, a collective action consisting of Metro drivers

with contracts with Yellow Cab classified as independent contractors from March 2017 to March 2020.

      SIGNED on December 28, 2020, at Houston, Texas.

                                              _____
                                                 Lee H. Rosenthal
                                                 Chief United States District Judge