UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL STERLING, on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civ. A. No. 4:20-cv-00910 |
| METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, | § § § § § | |
| *Defendant*. | § § | |

## DEFENDANT METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY'S RESPONSE TO PLAINTIFFS' MOTION FOR REPRESENTATIVE DISCOVERY AND MOTION FOR PROTECTIVE ORDER

Defendant Metropolitan Transit Authority of Harris County ("METRO") files this Response to Plaintiffs' Motion for Representative Discovery and Motion for Protective Order (the "Motion") (Dkt. No. 111) and show as follows:

### ARGUMENT AND AUTHORITY

On July 8, 2021, this Court granted Plaintiff's Motion for Conditional Certification of a Collective Action. (Dkt. No. 89). On July 15, 2021, METRO served written discovery on the 79 individual plaintiffs who had voluntarily opted-in to this lawsuit **prior to** conditional certification. Since that time, 141 additional individuals have opted-in, bringing the total opt-in count to 220. METRO has not served written discovery on the 141

1

post-conditional certification opt-in plaintiffs. METRO has not requested to depose any opt-in plaintiff. METRO does not oppose reasonable restrictions on discovery. METRO does not oppose representative discovery on issues of liability as to post-conditional certification opt-in plaintiffs.[1] However, for the reasons set forth below, METRO has the right to conduct discovery as to the plaintiffs who voluntarily opted into this litigation prior to the Court's conditional certification order. Additionally, METRO has the right to conduct discovery on damages as to all opt-in plaintiffs. Representative discovery as to the issue of damages would deprive METRO of its constitutional right to due process of law. Therefore, any restrictions on METRO's ability to conduct discovery should be limited to issues related to liability as to post-certification opt-in plaintiffs.

### A. METRO has the right to conduct discovery as to pre-conditional certification Plaintiffs who voluntarily joined this litigation.

On July 15, 2021, METRO served written discovery on the 79 individual party plaintiffs who had voluntarily opted-in to this lawsuit prior to conditional certification. The 79 individual opt-in plaintiffs who object to participating in discovery cite no authority for the proposition that individuals who opt-in prior to conditional certification are anything other than **party plaintiffs** subject to the obligation to participate in discovery. Indeed, "[t]he opt-in Plaintiffs have voluntarily chosen to participate in this lawsuit and in doing so have taken on an obligation to provide [METRO] with information relevant to the claims

---

[1] METRO reserves the right to request that the Court to amend any representational discovery order in the event that additional discovery proves necessary to determine issues related to decertification and/or liability.

2

they are asserting." *Burns v. Chesapeake Energy, Inc.*, 5:15-CV-1016-RP, 2016 WL 11599939, at *2 (W.D. Tex. Oct. 18, 2016).

Unlike a Rule 23 class action, plaintiffs in a collective action (both named and opt-in plaintiffs) are direct parties and are therefore subject to individualized discovery. Pursuant to the plain language of 29 U.S.C. § 216(b), filing a consent to join a collective action means the "employee *shall* be a *party* plaintiff." *Id.* (emphasis added). Thus, the individuals who have joined this action consented to their status as parties. Further, the pending discovery accounts only for approximately one third of the individuals who have opted-in to this lawsuit to date. Indeed, "this is not a class consisting of thousands of absent class members, scattered throughout the country, perhaps unaware of the litigation itself. This case involves a relatively small group of people, each of whom freely chose to participate and each of whom has relevant information with respect to the claims and defenses in this action." *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 449 (S.D.N.Y. 1995) (permitting written discovery for 162 class members); *see also Kaas v. Pratt & Whitney*, 1991 WL 158943, *2 (S.D. Fla. 1991) (permitting individualized discovery for approximately 100 class members and noting the fundamental differences between Rule 23 class actions and Section 216(b) collective actions).

Here, like in *Burns v. Chesapeake Energy, Inc.*, "Plaintiffs do not cite any cases stating that FLSA opt-in Plaintiffs have a right to be free from discovery prior to conditional certification." 2016 WL 11599939, at *2. Instead, Plaintiff appears to argue that because this Court **may** order representative discovery after conditional certification, it **must** order it as to the pre-certification opt-in plaintiff. This conclusion is illogical. The

3

79 individual plaintiffs who were served with discovery requests elected to opt-in prior to conditional certification. Thus, they consented to be treated as any other party appearing in federal court. The 79 plaintiffs argue that because the Court granted conditional certification their obligation to prosecute this lawsuit has been abrogated. Therefore, this Court should follow *Burns* and hold that plaintiffs who voluntarily opt-in to a collective action **prior to** conditional certification are not entitled to avoid their obligation to participate in the discovery process as a party plaintiff under the guise of "representative discovery."

**B. Plaintiffs have failed to demonstrate that METRO's written discovery as to pre-conditional certification opt-ins is unduly burdensome.**

Again, METRO agrees that some form of representative discovery may be appropriate for post-certification opt-in plaintiffs. However, METRO objects to the 79 objecting plaintiffs' contention that they are **automatically** entitled to representative discovery in the form of their choosing simply because the Court has granted conditional certification. Numerous courts have rejected similar contentions. *See e.g. Coldiron v. Pizza Hut, Inc.*, No. CV–03–05865, 2004 WL 2601180, at *6–7 (C.D. Cal. 2004) (permitting discovery of all 306 opt-in plaintiffs); *Abubakar v. City of Solano*, CIVS062268LKKEFB, 2008 WL 508911, at *2 (E.D. Cal. Feb. 22, 2008) (allowing discovery of all 160 plaintiffs); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery addressed to all 162 opt-in plaintiffs); *Rosen v. Reckitt & Colman, Inc.*, No. 91 Civ. 1675, 1994 WL 652534, at *11–12 (S.D.N.Y.1994) (permitting depositions of all 49 opt-ins);

*Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D.Va. 1991) (authorizing depositions of all 127 opt-ins).

Rather, each opt-in plaintiff, like any other party appearing in federal court, must satisfy Rule 26(c) and demonstrate "annoyance, embarrassment, oppression, or undue burden or expense." *See e.g. Renfro v. Spartan Computer Services, Inc.*, CIV.A. 06-2284-KNV, 2008 WL 821950, at *2 (D. Kan. Mar. 26, 2008) (denying plaintiff's request for a protective order from 5,300 document requests, 2,000 interrogatories, and 27 noticed depositions because "they did not make any particularized showing of undue burden from defendants' interrogatories, document requests and noticed depositions."). Here, the undue burden argument is premised entirely on the cumulative volume of the discovery. However, this argument ignores the fact each of the 79 opt-in plaintiffs are individual and separate parties who were classified as independent contractors by Yellow Cab. Moreover, none of the 79 plaintiffs argue that any particular request creates an undue burden on any particular party because, on a party by party basis, the requests are reasonably tailored.

Because the 79 pre-conditional certification opt-in plaintiffs have failed to demonstrate that the written discovery presents an undue burden as to any particular party, the Court must deny their requests for a protective order.

### C. Representative discovery on the issue of damages would violate METRO's right to due process of law.

Due process requires that METRO have the opportunity to present and obtain evidence in support of every available defense. *American Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932). METRO recognizes that generally representative discovery, alone, does

not constitute a violation of its right to due process of law. However, the facts of this case have created unique circumstances. METRO did not employ or pay the plaintiffs. Therefore, METRO does not have records from which a jury could make a just and reasonable inference as to the number of hours worked by each individual Plaintiff. As a result, absent individual discovery on the issue of damages, METRO is unable to assess its potential liability or prepare a meaningful defense.

Furthermore, the Fifth Circuit cases cited in the Motion support the conclusion that METRO must be permitted to conduct discovery on the issue of damages for every opt-in plaintiff. Counsel cites to *Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x. 788, 806 (5th Cir. 2011), *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317 (5th Cir.1985), and *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 829 (5th Cir.1973) for the proposition that representative evidence is **always** sufficient in an FLSA collective action.[2] That is not what these cases say. Instead, the cases make clear that representative evidence is appropriate in some circumstances depending on the facts in each case. *See Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 456 (5th Cir. 2009) (affirming summary judgment as to plaintiffs that did not provide discovery responses because testifying employees were not fairly representational of the appealing plaintiffs).

---

[2] Plaintiff points to this Court's minute entry order in *Salazar v. Ensign US Southern Drilling (S.W.) Inc.* in support of this proposition. However, despite serving as plaintiff's counsel in that case, counsel neglects to mention that the representative discovery in *Salazar* concerned only questions of certification and liability. *See Salazar*, 4:17-cv-991 at Dkt. No. 80 (Defendants' Brief in Opposition). In this case, METRO agrees that representative discovery is appropriate for post-conditional certification opt-in plaintiffs on the issue of liability. Nonetheless, unlike the defendants in *Salazar*, METRO does not possess records from which a jury could make a just and reasonable inference as to the number of hours worked by each individual Plaintiff. Therefore, representational discovery on the issue of damages would deny METRO its right to due process of law.

In *Beliz* the court explained, "Testimony of some employees concerning the hours worked by groups of non-testifying employees is sufficient if those who do testify have personal knowledge of the work performed by those who do not." 765 F.2d at 1331. Moreover, in *Beliz*, "it was apparent from the pay records that there was an egregious minimum wage violation for every worker in the crew." *Albanil*, 444 F. App'x. at 807 (discussing *Beliz*). In *Albanil*, the court made clear representative evidence is only sufficient when "the testifying employees are 'fairly representational.'" In this case, the facts and circumstances of each individual plaintiff vary to such a degree that no subset of drivers would be "fairly representational" of the class of drivers as a whole.

This case differs from the more standard FLSA collective litigation in that there is no commonality as to hours worked by each driver. Yellow Cab's drivers were free to accept whatever shifts they wanted in a given week.[3] Furthermore, each driver's job duties and hours driven varied significantly in any given workweek depending on whether the driver was on a fixed route or was a floater and whether the individual driver relied on the METROLift program as their primary source of income or as a supplemental second gig. METRO believes that the evidence will demonstrate that the majority of drivers either never worked more than 40 hours in a given workweek or did so only sporadically. Nevertheless, METRO anticipates that plaintiffs will point to the "best" opt-in and attempt to extrapolate his or her damage model across all the opt-ins. This evidence will not be "fairly representational" of the hours worked by the class of drivers as a whole.

---

[3] METRO understands that this freedom was limited in so far that Yellow Cab did not expect its drivers to accept so many shifts that they ended up driving more than 40 hours in a given week.

The best way to derive an accurate damages model is to permit METRO to conduct limited written discovery as to every opt-in focused solely on the issue of damages. METRO anticipates that 5 interrogatories and 5 requests for production should be sufficient. Indeed, courts routinely permit individualized discovery solely on the issue of damages in collective actions. *See Krueger v. New York Tel. Co.,* 163 F.R.D. 446, 451 (S.D.N.Y. 1995) ("The Court also finds it appropriate for defendants to conduct damages discovery on all of the members of the ADEA, HRL and ERISA classes by means of interrogatories and document requests."); *Rosen v. Reckitt & Colman Inc.*, No. 91 Civ. 1675, 1994 WL 652534 (S.D.N.Y. Nov. 17, 1994) (permitting the deposition of 50 class members on damages). Furthermore, if the individual opt-in plaintiffs are unable to complete 5 interrogatories and collect and produce 5 categories of documents, should they really be parties to this litigation? Even the proposed notice prepared by Plaintiff's counsel requested the inclusion of the following language: "If you choose to join this case, you may be required to answer written questions or have your testimony taken in a deposition or at trial." (Dkt. No. 36-1). However, the Motion now attempts to walk this statement back. The question is why? METRO believes that a majority of the Yellow Cab drivers never, or very rarely, worked more than 40-hours in a workweek. The Court should permit METRO to propound limited written discovery as to damages on all opt-in plaintiffs. Anything less would deny METRO its due process rights.

## **CONCLUSION**

For the foregoing reasons, METRO requests that the Court deny the Motion (Dkt. No. 111), order the 79 pre-certification opt-in plaintiffs to respond to METRO's written

discovery, enter a representative discovery control plan as to the issue of liability, and authorize METRO to serve 5 interrogatories and 5 requests for production on all opt-in plaintiffs focused on the issue of damages.

        Respectfully submitted,

        **OGLETREE, DEAKINS, NASH,**
          **SMOAK & STEWART, P.C.**

        /s/*Carolyn Russell*
        Carolyn Russell
        State Bar No. 24003913
        500 Dallas St., Suite 3000
        Houston, TX 77002
        713-655-0855
        713-655-0020 (Fax)
        carolyn.russell@ogletreedeakins.com

        **ATTORNEY-IN-CHARGE FOR**
        **DEFENDANT METROPOLITAN**
        **TRANSIT AUTHORITY OF**
        **HARRIS COUNTY**

**OF COUNSEL:**

Ryan Swink
State Bar No. 24107940
500 Dallas St., Suite 3000
Houston, TX 77002
713-655-0855
713-655-0020 (Fax)
ryan.swink@ogletreedeakins.com

## CERTIFICATE OF SERVICE

 I hereby certify that on this 5th day of October 2021, the foregoing was submitted for electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

 Don J. Foty
 Kennedy Hodges LLP
 4409 Montrose Blvd.
 Houston, TX  77006

 Taft L. Foley, II
 The Foley Law Firm
 3003 South Loop West, Suite 108
 Houston, TX  77054

 Martyn B. Hill
 Michael Harris
 Pagel, Davis & Hill, P.C.
 1415 Louisiana, 22nd Floor
 Houston, Texas 77002

            /s/  *Carolyn Russell*
            Carolyn Russell