United States District Court
Southern District of Texas
**ENTERED**
October 25, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL STERLING on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED, § § § § | |
| Plaintiff(s), § § | |
| v. § | CIVIL ACTION NO. H-20-cv-00910 |
| § | |
| GREATER HOUSTON TRANSPORTATION COMPANY, TEXAS PARATRANSIT, INC., YELLOW CAB PARATRANSIT SERVICES, INC. and METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, § § § § § § § § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

In March 2020, Paul Sterling, a driver in Houston's METROLift Transportation program, sued the Greater Houston Transportation Company, Texas Paratransit, Inc., Yellow Cab Paratransit Services, Inc. (collectively "Yellow Cab"), and the Metropolitan Transit Authority of Harris County ("Metro"), on behalf of himself and similarly situated METROLift drivers. Sterling alleged that Yellow Cab and Metro misclassified him and others as independent contractors instead of employees, denying them the overtime compensation due under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In July 2021, the court granted Sterling's motion to certify a collective action of similarly situated drivers. (Docket Entry Nos. 89, 89-1, 94). Later in July, Yellow Cab filed for protection under Chapter 11 of the United States Bankruptcy Code. (Docket Entry Nos. 99, 99-1). The case is stayed as to the bankruptcy debtor, Yellow Cab, but is proceeding against Metro. (Docket Entry No. 116).

In August 2021, Sterling moved to limit discovery to some class members and for a protective order. (Docket Entry No. 111). Metro opposes representative discovery and seeks individualized discovery as to the 79 individuals who opted in before the court granted conditional certification. Metro does not generally oppose representative discovery as to the individuals who opted in after the court's order—141 class members at the time of Metro's response—but it does request different representative discovery terms than those that Sterling has proposed. (Docket Entry No. 130). Metro also argues that although discovery should proceed on a representative basis generally, it should be permitted to conduct individualized discovery as to all class members on damages. (*Id.*). Sterling has replied. (Docket Entry No. 134).

Section 216(b) of the Fair Labor Standards Act permits "one or more employees" to maintain an action against his or their employer "for and in behalf of himself or themselves and other employees similarly situated.'" 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* "[T]he FLSA provides for a unique brand of collective action in which the claims of similarly-situated persons may be joined, as long as each claimant opts into the action by filing a written consent form with the court in which the action is pending." 1 Wages & Hours: Law and Practice § 9.02[3][b][.0i] (2021). "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (citing Fed. Rule Civ. Proc. 83).

The first issue is whether the plaintiffs who opt in while waiting for the court's order on whether to conditionally certify an FLSA class are required to undergo individualized discovery later because they did not wait to opt in until after the court granted certification. A court order conditionally certifying a class permits the action to "then proceed[] as a collective or representative action through the discovery period," and facilitates notice to potential plaintiffs who remain unaware of the action and their potential rights in the lawsuit. 1 WAGES & HOURS: LAW AND PRACTICE § 9.02[3][b][i][B]; *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), o*verruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The court's certification order is a determination that there are common issues among all opt in plaintiffs—whether those plaintiffs were aware of the action before certification or after—making representative discovery appropriate. *See Albanil v. Coast 2 Coast, Inc.*, 444 Fed. Appx. 788, 806 (5th Cir. 2011) (recognizing that plaintiffs can meet burden of proof in cases under the Fair Labor Standards Act through "fairly representational testimony"); *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 829 (5th Cir. 1973) (similar).

Early opt-in plaintiffs should not be subject to more rigorous discovery demands than those who joined after certification only because they learned of the action before those who received court-facilitated notice, unless specific discovery is necessary to address threshold issues, such as determining whether to certify a collective action. *See Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 435, 440 (5th Cir. 2021) (recognizing that "the district court's job is ensuring that notice goes out to those who are 'similarly situated'").

Metro relies on *Burns v. Chesapeake Energy, Inc.,* 5:15-CV-1016-RP, 2016 WL 11599939, at *2 (W.D. Tex. Oct. 18, 2016), which permitted individualized discovery of early opt-in plaintiffs. In *Burns*, however, the court had not yet decided whether conditional certification

should be granted, warranting individualized discovery until the court granted certification to proceed collectively. The court here has already granted conditional certification. Metro has offered no explanation as to why it needs discovery of all 79 early opt-in plaintiffs, even though it has agreed representative discovery is sufficient for plaintiffs who opted in after conditional certification. The early opt-in plaintiffs signed consent forms stating: "I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action." (*See, e.g.*, Docket Entry Nos. 37-1, 88-1). Representative discovery is appropriate for all opt-in plaintiffs.

Metro also argues that it requires individualized discovery on damages, in the form of five requests for production and five interrogatories per opt-in plaintiff, because the plaintiffs worked different hours each week, affecting the amount of Metro's potential liability as to each plaintiff. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"[T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). Individualized discovery as to each opt-in plaintiff is not the only way for Metro to obtain damages information. Sterling has agreed to submit a damages model for every opt-in plaintiff before the close of discovery and to produce documents used to support the model. This is reasonable

considering Metro's needs and more convenient for all parties than Metro's request to serve written discovery on all opt-in plaintiffs. Metro's due process rights are not at risk. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 454–60 (2016) (approving the use of representative evidence in FLSA collection action on damages); *see also Gentrup v. Renovo Servs., LLC*, No. Civ. A. 1:07-cv-430, 2010 WL 6766418, at *7 (S.D. Ohio Aug. 17, 2010) ("[T]he use of representative discovery does not violate due process and is proper where it facilitates the orderly proceeding of a collective action."). If Metro needs additional or different information after it receives the damages model and applies it to other information it has or obtains through discovery, it may seek more.

Aside from Metro's individualized discovery requests as to the 79 early opt-in plaintiffs, and all opt-in plaintiffs on the issue of damages, Metro does not generally oppose representative discovery. The parties do dispute the terms of representative discovery. Sterling moves to limit discovery to 14 depositions and to limit written discovery requests to 28 opt-in plaintiffs, consisting of 25 requests for production and 10 interrogatories. (Docket Entry No. 111-3). Metro seeks to depose 28 opt-in plaintiffs and to serve written discovery requests on 56 opt-in plaintiffs, consisting of 20 requests for production and 20 interrogatories. (Docket Entry No. 130-1). The court will meet the parties in the middle. *See Swales*, 985 F.3d at 443 ("[T]he district court has broad, litigation-management discretion here."). Discovery will proceed as follows, and Metro may move to amend representative discovery in the future if this does not reasonably suffice:

1. **Depositions**: 21 opt-in plaintiffs may be deposed. Metro's counsel may select two-thirds of the plaintiffs to be deposed. Sterling's counsel may select the remainder. Each deposition will be limited to 2.0 hours.

5

2. **Written Discovery**: Metro may serve written discovery on 42 opt-in plaintiffs. Metro's counsel may select two-thirds of the opt-in plaintiffs to be served written discovery. Sterling's counsel may select the remainder. 20 requests for production and 15 interrogatories are permitted per opt-in plaintiff.

3. **Damages Discovery**: Sterling's Counsel will provide a damages model for every opt-in plaintiff by **February 22, 2022**. The damages model will include the method used to calculate the damages that are owed, identify the documents relied on to calculate the damages, and separately identify the amount owed to each opt-in plaintiff. Sterling's Counsel will produce the identified documents.

Sterling's motions for representative discovery and for a protective order, (Docket Entry No. 111), are granted in part and denied in part. Discovery will proceed on a representative basis, but it is limited to what the court has specified in this order.

By **November 5, 2021**, the parties will file a joint proposed scheduling and docket control order. The court will then set a schedule.

SIGNED on October 25, 2021, at Houston, Texas.

                                        Lee H. Rosenthal
                              Chief United States District Judge